654

## UNITED STATES v. BEST.
### Cr. No. 17666.

District Court, D. Massachusetts.

Sept. 30, 1947.

William T. McCarthy, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Theron L. Caudle, Asst. Atty. Gen., and Clyde E. Gooch and Tom DeWolfe, Sp. Assts. to the Atty. Gen., Samuel C. Ely and Victor C. Woerheide, Sp. Attys., both of Washington, D. C., for plaintiff.

Robert W. Meserve, of Boston, Mass., for defendant.

FORD, District Judge.

The defendant in this case was indicted for the crime of treason on December 30, 1946.

On February 25, 1947 the government filed a motion for an order directing a neuropsychiatric examination of the defendant by medical experts. At the hearing on the motion, counsel, assigned by the court to the defendant, opposed the allowance of the motion on the ground that "such an examination is unnecessary." This was concurred in by the defendant himself. An order directing such an examination was issued by the court on February 26, 1947. Doctors Samuel W. Joel, Herbert Barry, Jr., and John M. Murray, qualified expert psychiatrists, were selected by the government to perform the examination, with instructions to determine whether the defend-

ant possessed the mental capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to aid rationally in the preparation and prosecution of his defense.

On April 15, 1947 the alienists submitted a unanimous report of their examination, which reads as follows: "After psychiatric examination of the defendant, Robert Henry Best, the undersigned find that he possesses the mental capacity to understand the proceedings against him and to rationally aid in the conduct of his defense."

On September 19, 1947 counsel for the defendant filed a motion for the court to "conduct such a hearing and hear such evidence as seems to it desirable to determine that the said defendant is at the present time legally competent to proceed with the trial of this matter."

On September 23, 1947 this court on its own motion and responsibility entered an order directing that a hearing be held on September 24 to determine the question whether or not the defendant at the present time has the mental competency to be put upon his trial. The court's order was based on communications which the defendant himself filed with the court and which he denominated "special pleas", and on the conduct of the defendant before the court.

At the hearing on September 24, qualified experts in the field of psychiatry testified orally that the defendant was presently sane, had the mental capacity to understand the nature and object of the proceedings against him, to comprehend his condition in reference to them and to aid rationally in the preparation and prosecution of his defense. Before stating their conclusions the experts testified concerning their personal examinations of the defendant and their talks with the defendant. The documentary evidence in their possession included the defendant's personal history and a duly authenticated photostatic copy of the report of the "Proceedings of a Board of Officers, 317 Station Hospital, C.B.S. APO 633, U. S. Army", dated September 10, 1946. In the latter proceedings the Board, which the report reflected had conducted a neuropsychiatric examination of the defendant, found the de-

fendant on September 10, 1946 "sane and responsible" and "free from mental defect". Also there were introduced in evidence copies of three letters written in 1942 by the defendant to ostensible officials of the German Reich propaganda agencies. The psychiatrists properly considered these matters in reaching their conclusions.

It was stated at the hearing by counsel for Best that "both Mr. Best and myself, I think, will concur in the statement that we have at all times taken the position that Mr. Best is fully sane and competent to proceed in this matter."

At the hearing the defendant himself was allowed to cross-examine the experts and he conducted a lengthy examination of Dr. Murray. Defendant also read a lengthy statement of his position with respect to the extent he intended to avail himself of the services of counsel, following which there was a long colloquy between the defendant and the court on the same subject.

The court does not believe that it is necessary to discuss the evidence in detail in the light of all the circumstances. I have reached the conclusion the defendant is presently sane. True he has fixed ideas with respect to world Jewry, but he is a fanatic on the subject. He is not insane.

The court finds on all the evidence that the defendant has the capacity to understand the nature and object of the proceedings against him, to comprehend his condition in reference to such proceedings, and to aid rationally in the preparation and prosecution of his defense.